Filed 2/25/26  P. v. Ramirez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D084653 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD138947) |
| RAUL ENRIQUE RAMIREZ, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, John M. Thompson, Judge.  Reversed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Seth M. Friedman and Juliet W. Part, for Plaintiff and Respondent.

## MEMORANDUM OPINION

### A. *Factual and Procedural Background*

Early one morning in August 1998, defendant Raul Enrique Ramirez and another man were observed walking away from a burning taxicab.[1] Ramirez's hand was wrapped in a bloody cloth. After the fire was put out, a severely burned corpse was found inside the remains of the vehicle. The victim—the taxi driver—had been shot seven times, and was apparently dead before the fire began. Ramirez was arrested at a hospital later that same day after he sought treatment for burns on various parts of his body.

Following a jury trial, Ramirez was convicted of first degree murder (Pen. Code,[2] §§ 187, subd. (a) & 189), first degree robbery (§§ 211, 212.5), and arson (§ 451, subd. (d)). But the jurors found not true a special circumstance allegation that he committed the murder in the course of the robbery. (§ 190.2, subd. (a)(17).)

In 2020, Ramirez filed a petition for resentencing under then-section 1170.95 (now § 1172.6), asserting that he had been found guilty of murder based on a now-invalid theory and could no longer be convicted due to recent statutory changes. The superior court denied the petition at the prima facie stage without an evidentiary hearing, concluding there was "sufficient evidence to establish Petitioner acted with premeditation and deliberation when he committed the murder." This court affirmed in an unpublished opinion. (*Ramirez, supra*, D034781.)

---

[1] This rudimentary statement of the facts is taken from our unpublished opinion in the direct appeal (*People v. Ramirez* (July 8, 2021, D078364) (*Ramirez*)) and is provided only for context.

[2] All statutory references are to the Penal Code.

Three years later, Ramirez filed a second petition for resentencing under section 1172.6, again asserting that he could not presently be convicted of murder because of changes to sections 188 and 189.  The same superior court judge again denied the petition without a hearing.  Referring back to the first petition, the judge concluded there were "no changes in the interim in the law [that] would affect this particular case."  The judge also believed the verdict established that Ramirez "acted with premeditation in the killing of the victim."  In the judge's view, his "liability for murder . . . could only be the result of [Ramirez] personally killing the victim since he was the only one charged . . . ."

**B.    *Analysis***

Ramirez maintains that changes in statutory and decisional law after the denial of his first resentencing petition dictate that it not be accorded preclusive effect.  (*People v. Jimenez* (2024) 103 Cal.App.5th 994, 1005.)  On the merits, he argues that the jury's verdict does not conclusively establish he is ineligible for relief as a matter of law.  (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)  Asserting that his conviction for first degree murder may have been based on the felony murder rule, he contends he has made a prima facie case for relief and is entitled to an evidentiary hearing.

The Attorney General appropriately concedes error.  He notes that "because there were several applicable changes to the law since the denial of appellant's first petition, the second petition was not barred under principles of collateral estoppel."  These include amendments to the statute (§ 1172.6, subd. (d)(3)), limiting reliance on a prior appellate opinion to "the procedural history of the case" and providing that substantial evidence to support a murder conviction "is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  They also include more recent

3

Supreme Court caselaw clarifying that at the prima facie stage, a trial court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 972.)

On the merits of the petition, the Attorney General agrees that the record "does not conclusively foreclose the possibility that [Ramirez] was convicted as an aider and abettor to a first degree felony murder." He points out that Ramirez's jury was instructed on such a theory and admits it is "possible that the jury based its murder finding on the now-precluded theory of aiding and abetting a robbery felony murder."[3] Referencing the jury's finding that the robbery-murder special circumstance was not true, he explains it "might have reflected only that the robbery was merely incidental to the commission of the murder or that the jury was unsure about [Ramirez's] exact role."

We agree with the Attorney General's analysis and accept his concession of error as well taken.

## DISPOSITION

The order is reversed, and the matter is remanded for further proceedings on Ramirez's petition.

DATO, Acting P. J.

WE CONCUR:

KELETY, J.

RUBIN, J.

---

[3] Certainly the fact that Ramirez was the only one charged does not establish his ineligibility for relief as a matter of law. (See *People v. Estrada* (2024) 101 Cal.App.5th 328, 339.)